IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DEANA SLEMP, | ) |
|         *Plaintiff*, | ) |
| -vs- | )   Case No. 3:16-cv-02062 |
| JOSEPH D. MAXWELL, | ) |
|         *Defendant, Counter-claimant.* | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

    DEFENDANT, JOSEPH D. MAXWELL, in response to this Court's Order entered on October 4, 2016 [Doc. 16] respectfully submits this memorandum in response to Plaintiff's Motion For Court-Ordered Dismissal of Plaintiff's Claims and Defendant's Counterclaim.

## Introduction

    In March of 2014, Joseph Maxwell and Deana Slemp entered into a "Lease and Profit Sharing Agreement ("Agreement") concerning a parcel of residential property owned by Mr. Maxwell and located at 2228 Castleman Drive, Nashville, TN. (the "Property")[1]. This lease, by its own terms, was set to expire twenty-four months later on March 24, 2016. During her tenancy, Ms. Slemp agreed, in exchange for Mr. Maxwell's agreement to waive any rent payments, to make certain improvements as set forth in the Agreement, and to pay any utilities and property taxes. Mr. Maxwell also made significant improvements to the Property during this period by improving the drainage and an irrigation system. As stated in the Agreement, upon the sale of the Property, the parties agreed to divide any net profits, with 60% going to

---

[1] A copy of this Agreement is attached as Exhibit A to the Complaint [Doc. 1-1].

Mr. Maxwell, and the remaining 40% to Ms. Slemp.

When the lease expired on March 24, 2016, Ms. Slemp refused to vacate the Property. Eventually, on June 21, 2016, Mr. Maxwell sent her a letter through his attorney, William F. Long, terminating the lease and requesting that she vacate the Property by August 1, 2016. When she refused to comply with this request, Mr. Maxwell filed an unlawful detainer action in the General Sessions Court of Davidson County, Tennessee.[2] The day Ms. Slemp was served with the unlawful detainer action she filed this present federal action seeking, *inter alia,* to enjoin Mr. Maxwell from enforcing the lease or from evicting her from the Property. In addition, Ms. Slemp sued Mr. Maxwell alleging for the first time that he had committed a sexual assault and battery against her. Ms. Slemp also alleged, as a part of her tort claims, that Mr. Maxwell agreed to modify the terms of the Agreement so as to give her 90% of the profits from the sale of the Property because of his "guilt arising from raping Plaintiff." Complaint [Doc 1] at ¶ 18. On August 17, 2016, Mr. Maxwell filed an Answer and Counterclaim categorically denying these allegations and asserting a counterclaim for breach of contract arising out of Ms. Slemp's failure to pay property taxes, failure to account for expenditures to the Property, allowing third persons to reside on the Property and her refusal to vacate the Property at the termination of the lease.

## Argument

### I. Plaintiff's Motion To Dismiss the Defendant's Counterclaim Must Be Denied Under Rule 41(a)(2) Fed.R.Civ.P.

Apparently deciding that she would now like to pursue her claims for damages to

---

[2] Copies of the Notice of Termination Letter and the Unlawful Detainer Warrant are attached as Exhibits B to the Complaint [Doc. 1-2] and Exhibit B to Plaintiff's Motion To Dismiss [Doc. 10-2] respectively.

property, injunctive relief and declaratory relief in state court, all the while preserving her tort claims against Mr. Maxwell before this court, Ms. Slemp has elected to voluntarily dismiss her claims under Rule 41(a)(2). In addition, she has moved the court to "involuntarily" dismiss over the Defendant's objection, the Defendant's counterclaim.

The only grounds cited by Ms. Slemp in support of her motion to dismiss the Defendant's counterclaim is that Mr. Maxwell's unlawful detainer action bars this court from exercising jurisdiction over his counterclaim under the doctrine of "prior suit pending". There are two reasons why this argument must fail. First, the unlawful detainer action in General Sessions Court was tried solely as an action for "possession only" of the premises; Mr. Maxwell did not seek, nor was he awarded, damages for breach of contract. He did not assert in the detainer action any of the damages claims alleged in his counterclaim pending before this court. Secondly, Mr. Maxwell has since voluntarily nonsuited his unlawful detainer action in reliance on his federal counterclaim in this case.[3] Mr. Maxwell no longer has any pending state claims or prior action pending against Ms. Slemp. (See Notice of Voluntary Nonsuit attached hereto as Exhibit A). While Ms. Slemp has since filed an appeal to Circuit Court of the unlawful detainer action and as late as September 27, 2016, filed a counterclaim herself in state court, Mr. Maxwell's earlier counterclaim before this court, filed on August 17, 2016 does itself constitute a "prior suit pending" as to the parties' claims arising out of the Lease and Profit Sharing Agreement.[4]

Interestingly, the case cited by the Plaintiff in support of her motion to dismiss

---

[3] Mr. Maxwell was awarded *possession only* by the General Sessions court. This judgment was then appealed by Ms. Slemp and later nonsuited by Mr. Maxwell.

[4] Ms. Slemp did not file her counterclaim in the state court action until September 27, 2016 asserting and restating the very same claims she had earlier pleaded before this court in her original complaint filed August 1, 2016. Clearly, Mr. Maxwell's counterclaim filed on August 17, 2016 which is based on these same contract claims precede and are "prior to" the state court action filed now by Ms. Slemp.

Defendant's counterclaim, *Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101 (Tenn.1964), stands for the precise opposite proposition argued by the Plaintiff. In *Cockburn*, the court reversed a trial court ruling sustaining a plea in abatement based on the doctrine of prior suit pending. The Tennessee Supreme Court stated:

> Generally speaking, the federal and state courts that have concurrent jurisdiction over civil actions may be considered as courts of separate jurisdictional sovereignties, and the pendency of a personal action in either a state or a federal court does not entitle the defendant to abatement of a like action in the other.
>
> *Id*. at 103.

The *Cockburn* case is also distinguishable on its facts. In that case the parties were in two suits, one in federal court and the other in state court, but "the identical objective was sought in both suits". *Id*. As previously stated, Mr. Maxwell's unlawful detainer action did not seek the same relief as that sought in his pending counterclaim.

Laying aside the Plaintiff's failed argument under the "prior suit pending" doctrine, her motion must fail based on the simply language of Fed. R. Civ. P. 41(a)(2) which states in full:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. **If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication**. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

(emphasis added).

Under this rule, Mr. Maxwell's counterclaim may not be dismissed because a) it was filed before Mr. Maxwell was served with Plaintiff's motion to dismiss; b) the Defendant has filed an objection to the dismissal of his counterclaim and c) the counterclaim cannot remain pending for independent adjudication. *D & M Millwork, Inc. v. Elite Trimworks Corp., Inc.*, 2010 WL 547154, at *2 (M.D.Tenn.2010). In the instant case, the Defendant's counterclaim

cannot remain pending for independent adjudication by the court because it is inextricably tied factually to the remaining tort claims in the Plaintiff's complaint.

Under Rule 13 Fed.R.Civ.P., Mr. Maxwell's counterclaim is a compulsory counterclaim. Rule 13 provides, in relevant part, as follows:

> **Rule 13. Counterclaim and Crossclaim.**
> (a) Compulsory Counterclaim.
> (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

The Plaintiff's tort claims against Mr. Maxwell are factually intertwined and arise out of their business dealings over their two year joint venture. The timing of Ms. Slemp's salacious allegations, coming as they did only after an unlawful detainer action was filed against her, also call into question the credibility of these claims. Since Mr. Maxwell has asserted a compulsory counterclaim in his Answer filed on August 17, 2016 [Doc. 7], this Court retains jurisdiction over this counterclaim notwithstanding the voluntary dismissal of plaintiff's contract claims. *Angelucci v. Continental Radiant Glass Heating Corp.*, 51 F.R.D. 314, 314 (E.D.Pa., 1971)(where the defendant had asserted a compulsory counterclaim notwithstanding a voluntary dismissal of plaintiff's action). This court has the discretion to retain jurisdiction over a compulsory counterclaim under Rule 13 "so long as it had subject matter jurisdiction over the main claim." *Matthews v. Owens*, 2015 WL 5380857, at *2 (S.D.Ohio, 2015)(citing 8 James Wm. Moore, MOORE'S FEDERAL PRACTICE, § 41.40[8][a] (3d ed.1997) (footnotes omitted).

WHEREFORE, the Defendant respectfully requests that this Court deny the Plaintiff's motion to dismiss as to the Defendant's counterclaim.

Respectfully submitted,

*/s Larry L. Crain*
**CRAIN|SCHUETTE ATTORNEYS, LLC**
5214 Maryland Way, Suit 402
Brentwood, TN 37027
(615) 376-2600
Larry@CSAFirm.com

*Attorney for the Defendant, Counterclaimant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was filed with the Court's ECF filing system and served via the court's filing system on the following counsel of record:

Christopher B. Fowler
Tune, Entrekin & White, P.C.
Suite 1700, UBS Tower
Nashville, TN 37238

*/s Larry L. Crain*